IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TATI ABU KING, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:23-cv-408-JAG |
| ) | |
| GLENN YOUNGKIN, in his official capacity ) | |
| as Governor of the Commonwealth of ) | |
| Virginia, et al., ) | |
| ) | |
| Defendants. | |

**DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF THEIR APPEAL OF THE COURT'S ORDER DENYING SOVEREIGN IMMUNITY**

Defendants respectfully move this Court to stay this case pending resolution of Defendants' appeal of the Court's order denying Defendants' assertion of sovereign immunity. An order denying sovereign immunity is an immediately appealable collateral order, and Defendants' notice of appeal divests the Court of jurisdiction over this case. Alternatively, even if the Court retains jurisdiction over some aspects of the case, Defendants are still entitled to a stay while they pursue their interlocutory appeal to vindicate their immunity from suit.

## BACKGROUND

Last June, Plaintiffs filed this lawsuit challenging the enforcement of Article II, Section 1 of the Virginia Constitution, which prohibits convicted felons from voting absent the restoration of their civil rights by the Governor. See Compl. (ECF No. 1). Plaintiffs brought two counts, one under 42 U.S.C. § 1983 and another based on *Ex parte Young*, 209 U.S. 123 (1908), alleging that enforcement of this constitutional provision violated the Virginia Readmission Act. Compl. ¶¶ 89–117. Specifically, they contended that the Virginia Readmission Act permits the Commonwealth to disenfranchise individuals convicted of only those felonies that were felonies at common law

1

while Article II, Section 1 currently disenfranchises individuals convicted of any felony. See *id.* ¶ 7.

Defendants moved to dismiss the initial complaint on several grounds. See, *e.g.*, Defs.' Memo. in Support of Mot. to Dismiss Compl. (ECF No. 54). First, they argued that sovereign immunity deprived the Court of jurisdiction entirely because Plaintiffs' claims were barred by *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984), or at the very least deprived the Court of jurisdiction over the Governor and the Secretary because they do not enforce the challenged constitutional provision. See Defs.' Memo. in Support of Mot. to Dismiss Compl. at 8–12. Second, Defendants argued that some plaintiffs lacked standing. *Id.* at 13–15. Third, they argued that Plaintiffs' claims raise a nonjusticiable political question. *Id.* at 15–18. And finally, they argued that Plaintiffs' claims fail on the merits because Article II, Section 1 does not violate the Virginia Readmission Act; there is no private right of action to enforce the Readmission Act; and the canon of constitutional avoidance foreclosed Plaintiffs' reading of the Act. *Id.* at 18–30.

Soon thereafter, Plaintiffs amended their complaint. See First Amend. Compl. (ECF No. 58). They added two counts on the theory that felon disenfranchisement constitutes a cruel and unusual punishment under the Eighth Amendment. *Id.* ¶¶ 118-47. Defendants again moved to dismiss the complaint, re-asserting their immunity defenses and standing argument with respect to Plaintiff Bridging the Gap, Inc., reiterating their previous arguments regarding the Virginia Readmission Act, and explaining why felon disenfranchisement is neither cruel, nor unusual, nor punishment. See Defs.' Memo. in Support of Mot. to Dismiss. First Amend. Compl. (ECF No. 77).

On March 18, 2024, the Court dismissed three of Plaintiffs' four counts. See Opinion (Op.) (ECF No. 88).[1] Specifically, the Court dismissed Count I because the Virginia Readmission Act

---

[1] The Court also dismissed Bridging the Gap, Inc. for lack of standing. Op. at 1–2.

does not create a private right enforceable under § 1983 and dismissed Counts III and IV because felon disenfranchisement is not a punishment under the Eighth Amendment. *Id.* at 2. The Court denied Defendants' motion to dismiss Count II, however, because it held that Plaintiffs could pursue their relief under *Ex parte Young*'s exception to sovereign immunity. *Ibid.* In doing so, the Court rejected Defendants' sovereign-immunity arguments. First, it held that *Pennhurst* did not bar Plaintiffs' claims because Plaintiffs are asking the Court to order Defendants to comply with the federal-law requirements in the Readmission Act. *Id.* at 9. Second, the Court held that Plaintiffs could bring a claim under *Ex parte Young* even though they lacked a cause of action under § 1983. *Id.* at 15–18. Third, the Court held that the Governor and Secretary are proper defendants under *Ex parte Young* because they "may enforce the permanent disenfranchisement of certain individuals." *Id.* at 10. On March 26, 2024, Defendants filed a notice of appeal with respect to the Court's denial of their assertion of sovereign immunity.

## ARGUMENT

The Court should stay proceedings for one of two reasons. First, Defendants' interlocutory appeal of the Court's denial of sovereign immunity divests the Court of jurisdiction. Second, even if the Court retains jurisdiction over some aspects of the case, Defendants are entitled to a stay while they pursue their interlocutory appeal to vindicate their immunity from suit.

**I.     Defendants' interlocutory appeal of the Court's denial of sovereign immunity divests the Court of jurisdiction over this case.**

The Court's order denying sovereign immunity is an immediately appealable collateral order. See *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–45 (1993); *Industrial Servs. Group, Inc. v. Dobson*, 68 F.4th 155, 163 (4th Cir. 2023). And it is "a longstanding tenet of American procedure" that an "appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'"

*Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). When that divestment of jurisdiction occurs, "the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing." *Id.* at 738.

This Court has correctly applied this principle in the context of an interlocutory appeal challenging the denial of sovereign immunity. See *Glover v. Hryniewich*, 438 F. Supp. 3d 625, 643–44 (E.D. Va. 2020). In *Glover*, the Court denied a city defendant's assertion of sovereign immunity. See *id.* at 643–44. The city then sought a stay based on its impending interlocutory appeal challenging that denial, arguing that the filing of the notice of appeal would divest the Court of jurisdiction under *Griggs*. *Id.* at 644. The Court agreed, holding "that it lacks jurisdiction to proceed to trial during the pendency of the City's interlocutory appeal." *Id.* at 645. And the Court thus stayed the case. *Ibid.* The Court has held the same in the context of foreign sovereign immunity. See *France.com, Inc. v. French Republic*, No. 1:18-cv-460, 2020 WL 8172981, at *4 (E.D. Va. Feb. 20, 2020) (staying the case because the "Court no longer asserts jurisdiction over the question of sovereign immunity" after defendants filed interlocutory appeal challenging denial of immunity).

Here, Defendants' notice of appeal of the Court's sovereign-immunity rulings divests the Court of jurisdiction over this case. Defendants have argued that Plaintiffs' lone surviving Readmission Act claim is barred *entirely* by sovereign immunity because Plaintiffs seek an injunction compelling Defendants to comply with state law, which is barred by the Eleventh Amendment under *Pennhurst*. See Defs.' Memo. in Support of Mot. to Dismiss. First Amend. Compl. at 8–9. Moreover, Defendants have argued that, because Plaintiffs lack a cause of action under § 1983—as the Court correctly held—Plaintiffs may not seek injunctive relief under *Ex*

4

*parte Young*'s exception to sovereign immunity. *Id.* at 8 n.3. Relatedly, the Governor and Secretary have argued that Plaintiffs' claims against them are barred by sovereign immunity because neither the Governor nor the Secretary enforce the challenged constitutional provision. *Id.* at 9–10. Thus, in Defendants' view, this case should not proceed at all. And because sovereign immunity is not only an immunity from liability, but also an immunity from the "burdens of litigation," see *Glover*, 438 F. Supp. 3d at 644–45 & n.13 (internal quotation marks omitted), the question of whether Defendants must proceed with *any* litigation in this proceeding is part "of the case involved in the appeal," *Coinbase*, 599 U.S. at 740 (internal quotation marks omitted). Therefore, the Court should stay this case entirely because it no longer possesses jurisdiction over it.

**II.     Even if the Court retains jurisdiction over some aspects of the case, the Court should enter a stay while Defendants pursue their interlocutory appeal.**

Defendants are entitled to a stay even if the Court retains jurisdiction over some aspects of the case. As this Court has acknowledged, sovereign immunity provides an immunity *from suit*, not merely a defense to liability. See *Glover*, 438 F. Supp. 3d at 644–45 & n.13; *White v. Chapman*, No. 1:14-cv-848(JCC/IDD), 2015 WL 13021744, at *1–2 (E.D. Va. Apr. 29, 2015); see also *Industrial Servs. Group, Inc. v. Dobson*, No. 1:21-cv-00090-MR-WCM, 2022 WL 2232473, at *2 (W.D.N.C. June 21, 2022) ("The Supreme Court has noted that 'sovereign immunity provides an immunity from suit, not a defense to liability.'" (quoting *Alabama v. North Carolina*, 560 U.S. 330, 362 (2010) (internal quotation marks omitted))). "Consequently, district courts frequently stay litigation pending resolution of sovereign immunity issues by appellate courts." *Industrial Servs. Group*, 2022 WL 2232473, at *2 (citing *Glover*, 438 F. Supp. 3d at 645). This Court is no exception. See *Glover*, 438 F. Supp. 3d at 645; *White*, 2015 WL 13021744, at *1–2.

Here, the failure to stay this case would effectively deprive Defendants of their immunity. If Defendants are forced to proceed to discovery while their sovereign-immunity appeal is pending,

5

they will have lost the immunity the Eleventh Amendment guarantees. See, *e.g.*, *Allen v. Cooper*, 895 F.3d 337, 357 (4th Cir. 2018) (holding that even the "*deferral* in ruling" on an immunity defense "amounted to a *denial* of the immunity because the immunity protects officials 'not only from the consequences of litigation's results, but also from *the burden of defending* themselves' in court (emphasis in original; internal quotation marks omitted)). The erroneous denial of immunity would be especially significant here since this case involves extremely high-ranking officials within the Commonwealth's executive branch—including the *highest*-ranking official—who are ordinarily entitled to special solicitude in civil discovery. See *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525, 2014 WL 12544827, at *2 (E.D. Va. Jan. 9, 2014) (discussing the discovery principle that high-ranking government officials should be protected from unnecessary discovery demands).

The same conclusion applies under the ordinary factors the Court considers when granting a stay. This Court will typically consider three factors when exercising its inherent power to stay proceedings: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Redding v. Mayorkas*, No. 1:23-cv-1325, 2024 WL 663038, at *3 (E.D. Va. Feb. 5, 2024) (brackets and internal quotation marks omitted). As an initial matter, it is clear these factors support a stay pending an interlocutory appeal of an order denying sovereign immunity—which is why neither *Glover*, *White*, nor *Industrial Services Group* even took the time to list them. And even analyzing the factors on their own terms shows why a stay is warranted in this posture. First, a stay will serve judicial economy by ensuring that the parties and this Court do not expend resources through discovery and summary judgment in a case where the Defendants were entirely immune from suit from the very beginning. Second, depriving Defendants of their sovereign immunity—an immunity so significant that it is

enshrined in our Nation's Constitution—would constitute significant irreparable prejudice. Third, although Plaintiffs would experience some delay in litigating their sole remaining claim, a stay would also protect *them* from expending resources in a case that is barred. Thus, under any form of analysis, the Court should stay this case pending resolution of Defendants' sovereign-immunity appeal.

## CONCLUSION

For these reasons, the Court should stay all proceedings pending resolution of Defendants' sovereign-immunity appeal.

Dated: March 26, 2024

Respectfully submitted,

GLENN YOUNGKIN
KELLY GEE
JOHN O'BANNON
ROSALYN R. DANCE
GEORGIA ALVIS-LONG
DONALD W. MERRICKS
MATTHEW WEINSTEIN
SUSAN BEALS
ERIC SPICER
SHANNON WILLIAMS

By: */s/ Erika L. Maley*
    Erika L. Maley (VSB #97533)
      *Solicitor General*

    Jason S. Miyares
      *Attorney General*

Charles J. Cooper (*Pro Hac Vice*)
Haley N. Proctor (VSB #84272)
Joseph O. Masterman (*Pro Hac Vice*)
John D. Ramer (*Pro Hac Vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

    Steven G. Popps (VSB #80817)
      *Deputy Attorney General*

    Kevin M. Gallagher (VSB #87548)
      *Principal Deputy Solicitor General*

    Office of the Attorney General
    202 North Ninth Street
    Richmond, Virginia 23219
    (804) 786-2071 – Telephone
    (804) 786-1991 – Facsimile
    EMaley@oag.state.va.us

*Counsel for Defendants Glenn Youngkin, Kelly Gee, John O'Bannon, Rosalyn R. Dance, Georgia Alvis-Long, Donald W. Merricks, Matthew Weinstein, Susan Beals, Taylor Yowell, and Shannon Williams*

8

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on March 26, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties of record.

                                          */s/ Erika L. Maley*
                                          Erika L. Maley (VSB #97533)
                                          *Solicitor General*