## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

TATI ABU KING *and* TONI HEATH JOHNSON,

    *Plaintiffs,*

    *v.*

JOHN O'BANNON, *in his official capacity as Chairman of the State Board of Elections for the Commonwealth of Virginia*; ROSALYN R. DANCE, *in her official capacity as Vice Chair of the State Board of Elections for the Commonwealth of Virginia*; GEORGIA ALVIS-LONG, *in her official capacity as Secretary of the State Board of Elections for the Commonwealth of Virginia*; DONALD W. MERRICKS, *in his official capacity as a member of the State Board of Elections for the Commonwealth of Virginia*; MATTHEW WEINSTEIN, *in his official capacity as a member of the State Board of Elections for the Commonwealth of Virginia*; SUSAN BEALS, *in her official capacity as Commissioner of the Department of Elections for the Commonwealth of Virginia*; ERIC SPICER, *in his official capacity as the General Registrar of Fairfax County, Virginia*; and SANDY C. ELSWICK, *in her official capacity as the General Registrar of Smyth County, Virginia,*

    *Defendants.*

Case No. 3:23-cv-00408 (JAG)

## PROPOSED ORDER GRANTING
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Upon consideration of Plaintiffs' Motion for Class Certification and accompanying memorandum, any opposition thereto, and any further briefing and argument thereon, it is hereby ORDERED that the Motion is GRANTED. The Court makes the following determinations as required by Federal Rule of Civil Procedure 23:

1. Pursuant to Rule 23(c)(1)(B), the class is defined as follows: All citizens of the Commonwealth of Virginia who are currently, or in the future will be, disqualified from voting under Article II, Section 1 of the Virginia Constitution because they were convicted of a crime that was not a felony at common law in 1870.

2. Pursuant to Rule 23(a)(1), the Court determines that the class, which includes at least 100 members, is so numerous that joinder of all members is impracticable and therefore the numerosity requirement has been satisfied.

3. Pursuant to Rule 23(a)(2), the Court determines that the commonality requirement is satisfied because Plaintiffs have demonstrated that one or more central questions of fact or law are common to the class, including whether Defendants violate the Virginia Readmission Act by disenfranchising any otherwise eligible Virginian for conviction of a felony that was not a felony at common law as of 1870.

4. Pursuant to Rule 23(a)(3), the Court approves Mr. Tati Abu King and Ms. Toni Heath Johnson as representatives of the class and finds that their claims are typical of the claims of the class because they rely on the same legal theories and arise from the same alleged unlawful conduct by Defendants, namely, disenfranchisement practices in violation of the Virginia Readmission Act.

5. Pursuant to Rule 23(a)(4), the Court finds that these representatives will fairly and adequately protect the interests of the class in satisfaction of the requirements of Rule 23(a)(4)

1

because (i) the interests of these representatives are consistent with those of the class members, (ii) there appear to be no conflicts between or among these representatives and the class members, (iii) these representatives have been and appear to be capable of continuing to be active participants in this litigation, and (iv) these representatives and the class members are represented by qualified, reputable counsel, who are experienced in prosecuting civil rights and class action lawsuits.

6.      The Court further finds that Rule 23(b)(2) is satisfied because Defendants act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

7.      The Court further finds that Rule 23(b)(1)(A) is satisfied because prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible obligations for Defendants.

8.      The Court has evaluated the evidence put forward by Plaintiffs in support of class certification, including, but not limited to, Defendants' production of documents related to the procedures, scope, and implementation of their disenfranchisement practices pursuant to Article II, Section 1 of the Virginia Constitution.  The court has also evaluated that evidence put forward by Defendants.  Upon evaluating all evidence, the Court finds that Plaintiffs have met their burden of establishing the four requirements of Fed. R. Civ. P. 23(a), as well as the requirements of Fed. R. Civ. P. 23(b)(2) and (b)(1)(A).

9.      The Court approves the following entities as class counsel: Wilmer Cutler Pickering Hale and Dorr LLP; American Civil Liberties Union of Virginia; and Protect Democracy Project. These entities have devoted substantial time and resources to this case and have significant experience and expertise in civil rights class actions.  The Court finds that counsel for the class

have prosecuted this litigation effectively to date, and, having considered the factors provided in Rule 23(g)(1)(A), confirms the respective appointments as counsel for the class pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g).

**IT IS SO ORDERED.**

Dated: _____, 2025

_____
Honorable John A. Gibney, Jr.
United States Senior District Judge

3