IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TATI ABU KING *and* TONI HEATH JOHNSON,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>JOHN O'BANNON, *in his official capacity as Chairman of the State Board of Elections for the Commonwealth of Virginia*; ROSALYN R. DANCE, *in her official capacity as Vice Chair of the State Board of Elections for the Commonwealth of Virginia*; GEORGIA ALVIS-LONG, *in her official capacity as Secretary of the State Board of Elections for the Commonwealth of Virginia*; DONALD W. MERRICKS, *in his official capacity as a member of the State Board of Elections for the Commonwealth of Virginia*; MATTHEW WEINSTEIN, *in his official capacity as a member of the State Board of Elections for the Commonwealth of Virginia*; SUSAN BEALS, *in her official capacity as Commissioner of the Department of Elections for the Commonwealth of Virginia*; ERIC SPICER, *in his official capacity as the General Registrar of Fairfax County, Virginia*; and SANDY C. ELSWICK, *in her official capacity as the General Registrar of Smyth County, Virginia*,<br><br>    *Defendants.* | Case No. 3:23-cv-00408 (JAG) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
<u>MOTION FOR CLASS CERTIFICATION</u>**

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................1
ARGUMENT ..............................................................................................................................1
I.  THE PROPOSED CLASS SATISFIES RULE 23(A)'S REQUIREMENTS FOR CERTIFICATION.........2
    A.    The Proposed Class Is Too Numerous For Individual Joinder ...............................2
    B.    The Central Question Of Law and Several Questions of Fact Are Common To The Proposed Class..................................................................................................3
    C.    Plaintiffs' Claims Are Typical Of The Putative Class.............................................5
    D.    Mr. King, Ms. Johnson, And Plaintiffs' Counsel Will Adequately Represent The Absent Class Members ...........................................................................................6
II.  PLAINTIFFS SATISFY RULE 23(B)(2)'S REQUIREMENTS............................................................8
III. PLAINTIFFS ALSO SATISFY RULE 23(B)(1)(A)'S REQUIREMENTS ..........................................9
CONCLUSION..........................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591 (1997)...............................................................................................6, 9

*Broussard v Meineke Discount Muffler Shops, Inc.*,
  155 F.3d 331 (4th Cir. 1998) .........................................................................................5

*Chisolm v. TranSouth Financial Corp.*,
  194 F.R.D. 538 (E.D. Va. 2000) ....................................................................................8

*Deiter v. Microsoft Corp.*,
  436 F.3d 461 (4th Cir. 2006) .........................................................................................5

*EQT Production Co. v. Adair*,
  764 F.3d 347 (4th Cir. 2014) .......................................................................................11

*Fraser v. Bureau of Alcohol*,
  2023 WL 5616011 (E.D. Va. Aug. 30, 2023).............................................................8, 9

*Guerra v. Perry*,
  2024 WL 3581226 (E.D. Va. Apr. 26, 2024) ..............................................................3, 4

*Hammond v. Powell*,
  462 F.2d 1053 (4th Cir. 1972) .....................................................................................11

*In re Southeast Hotel Properties Limited Partnership Investor Litigation*,
  151 F.R.D. 597 (W.D.N.C. 1993)...................................................................................7

*In re Zetia (Exetimibe) Antitrust Litigation*,
  7 F.4th 227 (4th Cir. 2021) ............................................................................................2

*Kadel v. Folwell*,
  100 F.4th 122 (4th Cir. 2024) ........................................................................................9

*Knight v. Lavine*,
  2013 WL 427880 (E.D. Va. Feb. 4, 2013)...................................................................10

*Krakauer v. Dish Network, L.L.C.*,
  925 F.3d 643 (4th Cir. 2019) .......................................................................................11

*Manuel v. Wells Fargo Bank, N.A.*,
  2015 WL 4994549 (E.D. Va. Aug. 19, 2015)................................................................2

*Sharp Farms v. Speaks*,
    917 F.3d 276 (4th Cir. 2019) ...................................................................................................6

*Soutter v. Equifax Information Services, LLC*,
    307 F.R.D. 183 (E.D. Va. 2015) ...........................................................................................2, 6

*Stegemann v. Gannett Co., Inc.*,
    2022 WL 17067496 (E.D. Va. Nov. 17, 2022).........................................................................7

*Thomas v. FTS USA, LLC*,
    312 F.R.D. 407 (E.D. Va. 2016) ............................................................................................6, 7

*Trauernicht v. Genworth Financial, Inc.*,
    2024 WL 3835067 (E.D. Va. Aug. 15, 2024)....................................................................3, 4, 10

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2014)..........................................................................................................3, 4, 8, 9

## Rules, Statutes, Constitutional Provisions

Fed. R. Civ. P. 23........................................................................................................... *passim*

Virginia Const. Article II, § 1 (1869) .............................................................................1, 5, 10, 11

**INTRODUCTION**

This case challenges Defendants' violation of the Virginia Readmission Act ("the Act") through their continued enforcement of Article II, § 1 of the Virginia Constitution (the "Felony Disenfranchisement Provision") to disenfranchise every otherwise eligible voter convicted of *any* felony, including felonies not "now felonies at common law" when the Act was enacted in 1870. Plaintiffs Tati King and Toni Johnson are two such disenfranchised Virginians. Every Virginian similarly disenfranchised for convictions of felonies that were not "felonies at common law" when the Act was enacted in 1870 has suffered this same injury—denial of the fundamental right to vote in violation of federal law—as a result of the same official conduct by Defendants. Thus, Plaintiffs move to certify a proposed class of current and future Virginians who have been disenfranchised in violation of the Act. Accordingly, Plaintiffs move to certify the class, which satisfies each requirement of Federal Rules of Civil Procedure 23(a) and 23(b)(2) or, in the alternative, 23(b)(1)(A). Plaintiffs also move the Court for an order appointing Plaintiffs as Class Representatives and appointing the undersigned counsel as Class Counsel pursuant to Fed. R. Civ. P. 23(g).[1]

**ARGUMENT**

Plaintiffs move for certification of the following class:

> All citizens of the Commonwealth of Virginia who are currently, or in the future will be, disqualified from voting under Article II, § 1 of the Virginia Constitution because they were convicted of a crime that was not a felony at common law in 1870.

Second Amended Complaint ("SAC"), Dkt. 96 at ¶ 89. This proposed class meets each requirement of Rule 23(a), as well as the requirements for certification under Rule 23(b)(2).

---

[1] Additional factual and procedural background is set forth in Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Summary Judgment.

## I. THE PROPOSED CLASS SATISFIES RULE 23(A)'S REQUIREMENTS FOR CERTIFICATION

### A. The Proposed Class Is Too Numerous For Individual Joinder

There is no dispute regarding the "numerosity" requirement of Rule 23(a)(1): Defendants have stipulated that the Proposed Class is "so numerous that joinder of all members is impracticable." Joint Stipulation Regarding Fed. R. Civ. P. 23(a)(1), Dkt. 137 at 2 (quoting Fed. R. Civ. P. 23(a)(1)). *See, e.g.*, *Soutter v. Equifax Info. Servs., LLC*, 307 F.R.D. 183, 199 (E.D. Va. 2015) (numerosity met where defendants did not contest numerosity and stipulated that the "class would include roughly 1,000 persons"); *Manuel v. Wells Fargo Bank, N.A.*, 2015 WL 4994549, at *8-9 (E.D. Va. Aug. 19, 2015) (numerosity satisfied where defendants stipulated that "at least 1000" individuals were subject to the challenged practices).

Defendants' stipulation reflects that there are hundreds of thousands of Virginians ineligible to register to vote under the Felony Disenfranchisement Provision. *See* Ex. 1 (Defendants' Responses to First Set of Requests for Admission) at 5 (Defendants' admission "that the Prohibited Table in the Virginia voter registration system contains at least 300,000 records"); *see also* Ex. 2 (Sentencing Project, *Locked Out 2024*) at JOHNSON-065.[2] Defendants accordingly "[a]dmitt[ed] that the [proposed] Class contains at least 100 members." *See* Ex. 1 at 5. That admission provides the factual basis to find numerosity satisfied here. *See In re Zetia (Exetimibe) Antitrust Litig.*, 7 F.4th 227, 234 (4th Cir. 2021) (recognizing individual joinder is impracticable for 40 or more plaintiffs).

---

[2] Citations to numbered exhibits refer to the exhibits to the accompanying Declaration of Nicholas Werle, filed in support of Plaintiffs' Motion for Class Certification.

### B. The Central Question Of Law and Several Questions of Fact Are Common To The Proposed Class

Defendants' denial of Mr. King's and Ms. Johnson's right to vote creates "questions of law [and] fact common to the class." Fed. R. Civ. P. 23(a)(2). Whether the Act prohibits Defendants from disenfranchising otherwise eligible Virginians for conviction of offenses that were not felonies at common law in 1870 is both the central question of law presented here and common to the proposed class, as are numerous questions of fact concerning Defendants' enforcement practices. "To prevail on commonality, Plaintiffs must show that the putative class has 'suffered the same injury.'" *Trauernicht v. Genworth Fin., Inc.*, 2024 WL 3835067, at *8 (E.D. Va. Aug. 15, 2024) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). As the Supreme Court explained in *Dukes*, "what matters … [is] the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." 564 U.S. at 350.

Plaintiffs and the proposed class members have all suffered the same injury—loss of their ability to vote. Because "the putative class has 'suffered the same injury,'" *Trauernicht*, 2024 WL 3835067, at *8 (quoting *Dukes*, 564 U.S. at 353), this action presents "questions of law … common to the class," Fed. R. Civ. P. 23(a)(2). Specifically, Defendants have cancelled, denied, would cancel, or would deny each class member's voter registration under color of the Felony Disenfranchisement Provision. *See* Ex. 3 (Excerpted Defendants' First Production of Documents) at ELECT_0017 ("The name of a person who has been convicted of a felony must be removed from the official list of registered voters. General registrars have three basic responsibilities regarding felony convictions: 1. Remove names when felony information in VERIS [(Virginia's repository of voter records)] is updated once a month and annually. … 3. Deny registration to new applicants with felony convictions for which rights have not been restored."). Courts routinely

certify classes after concluding that "[w]hether [a government agency] ha[d] a policy or practice that contradict[ed]" a particular federal law is a "question[] common and typical of the class." *Guerra v. Perry*, 2024 WL 3581226, at *1 (E.D. Va. Apr. 26, 2024) (certifying Rule 23(b)(2) class of noncitizens challenging their detention under the Administrative Procedure Act and Due Process Clause). Defendants' disenfranchisement of Mr. King and Ms. Johnson imposes on them the same loss of the right to vote as suffered by the absent members of the putative class resulting from Defendants' enforcement of the Felony Disenfranchisement Provision against them. Accordingly, all putative class members' "claims 'depend upon a common contention' whose determination will 'resolve an issue that is central to the validity of each one of the claims in one stroke,'" *Trauernicht*, 2024 WL 3835067, at *8 (quoting *Dukes*, 564 U.S. at 350)—i.e., whether the Act permits Defendants to enforce the Felony Disenfranchisement Provision against class members for convictions of crimes that would not have been felonies at common law in 1870.

Mr. King's and Ms. Johnson's claims also present "questions of … fact common to the class." Fed. R. Civ. P. 23(a)(2). Common facts include those concerning Defendants' obligations under and enforcement of the Felony Disenfranchisement Provision, including, but not limited to, (i) whether Defendants treat that provision as authorizing—and, additionally, requiring—them to disenfranchise any otherwise eligible Virginian for conviction of any felony or whether Defendants only disenfranchise on the basis of a subset of felony convictions and (ii) how Defendants implement the Felony Disenfranchisement Provision in practice—i.e., the procedures, in fact, that Defendants (both the Board of Elections and the Registrars) use to cause and perpetuate a class member's disenfranchisement.

The central, common question of law (whether the Act prohibits Defendants from enforcing the Felony Disenfranchisement Provision to disenfranchise otherwise eligible

Virginians on the basis of conviction of an offense that does not constitute a felony at common law in 1870), together with common questions of fact concerning Defendants' actual disenfranchisement practices, satisfy the commonality requirement of Rule 23(a)(2).

### C. Plaintiffs' Claims Are Typical Of The Putative Class

Mr. King's and Ms. Johnson's Act claims, and Defendants' objections thereto, are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so go the claims of the class.'" *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006) (quoting *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998)). "[A]nalysis of typicality must involve a comparison of the plaintiffs' claims or defenses with those of the absent class members." *Id.* To satisfy Rule 23(a)(3)'s typicality requirement, Plaintiffs' claims and the class members' claims need not be "perfectly identical or perfectly aligned," *id.* at 467, but "[t]he representative party's interest in prosecuting his own case must simultaneously tend to advance the interests of the absent class members." *Id.* at 466.

The Felony Disenfranchisement Provision makes no distinction among otherwise qualified Virginian voters other than to assess whether a Virginian has been convicted of a felony and, if so, whether the Governor (or other appropriate authority) has restored his or her voting rights. *See* Va. Const. Article II, § 1 (1869). As Defendants have previously explained to this Court, their administrative process for implementing the Felony Disenfranchisement Provision makes no other distinction among Virginia voters. *See generally* Declaration of Susan Beals, Dkt. 54-2 at ¶¶ 4, 5, 7. Indeed, the voter registration system administered by Defendants does not associate offense or conviction data with their records identifying disenfranchised Virginians. *See* Ex. 3 at ELECT_0137-38 (reflecting that the VERIS database does not store information about the offenses of conviction for Virginians in its Felony Conviction record file). Mr. King's and Ms. Johnson's

5

claims are therefore typical of the proposed class because both have been convicted of offenses that were not felonies at common law and neither has had their voting rights restored since the convictions giving rise to their disenfranchisement. Because Mr. King's and Ms. Johnson's interests and claims are aligned with the other members of the proposed class, typicality is met.[3]

### D. Mr. King, Ms. Johnson, And Plaintiffs' Counsel Will Adequately Represent The Absent Class Members

Mr. King and Ms. Johnson are suitable class representatives, and their counsel will be appropriate counsel for the class. The "adequacy" requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Sharp Farms v. Speaks,* 917 F.3d 276, 295 (4th Cir. 2019) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)). Adequacy "requires the Court to be satisfied that 'the representative parties will fairly and adequately protect the interests of the class,' and that 'class counsel will fairly and adequately represent the interests of the class.'" *Soutter*, 307 F.R.D. at 212 (quoting Fed. R. Civ. P. 23(a)(4), 23(g)(4)). There are no adequacy concerns here because Mr. King and Ms. Johnson are "part of the class and possess the same interest and suffer the same injury as the class members," *Sharp Farms*, 917 F.3d at 295 (quoting *Amchem*, 521 U.S. at 625-626), and they and their counsel are willing and able to vigorously represent the interests of the class.

First, Mr. King and Ms. Johnson have "interests common with, and not antagonistic to, the class's interests." *Thomas v. FTS USA, LLC*, 312 F.R.D. 407, 420 (E.D. Va. 2016). Mr. King and Ms. Johnson and the absent class members all share a common injury and a common interest in redressing that injury by enjoining the improper enforcement of the Felony Disenfranchisement

---

[3] Mr. King and Ms. Johnson have previously had their voting rights restored, *see* Declaration of Tati King at ¶ 2; Declaration of Toni Johnson at ¶ 2; however, both Mr. King and Ms. Johnson are currently disenfranchised based on convictions for offenses that would not have been felonies at common law in 1870. *See* King Decl. ¶ 2; Johnson Decl. ¶ 2. Therefore, Mr. King and Ms. Johnson are typical of the class.

Provision. *See supra* at Section I(B). Like the rest of the class, Mr. King and Ms. Johnson have been disenfranchised as a result of a conviction for a current felony that was not a felony at common law in 1870. Because the facts, claims, and legal positions among the class are common, *id.*, Mr. King and Ms. Johnson's interests are entirely aligned with the rest of the class.

Second, Mr. King and Ms. Johnson have demonstrated their willingness to take an active role in this litigation to protect the interests of absent class members. *See Stegemann v. Gannett Co., Inc.*, 2022 WL 17067496, at *11 (E.D. Va. Nov. 17, 2022) (reasoning that a class representative must be willing and able to take an active role in litigation and to protect the interests of absent class members). Mr. King and Ms. Johnson understand their responsibilities, have reviewed key developments in this case, and intend to continue working with and supervising counsel to best represent the interests of the class as a whole. *See* King Decl. ¶¶ 6-8, 10; Johnson Decl. ¶¶ 6-8, 10.

Third, Plaintiffs' counsel will fairly and adequately protect the interests of the proposed class for purposes of Rule 23(a)(4) and 23(g). Plaintiffs' "'attorney[s are] qualified, experienced and generally able to conduct the litigation.'" *Thomas,* 312 F.R.D. at 420 (quoting *In re Se. Hotel Props. Ltd. P'ship Investor Litig.*, 151 F.R.D. 597, 606-07 (W.D.N.C. 1993)). Counsel have already worked to investigate claims in this action, devoted resources to representing the class, pursued discovery, and demonstrated knowledge of the applicable law—including by succeeding as to the operative claim at the motion to dismiss stage, securing a favorable judgment on interlocutory appeal to the Fourth Circuit, and successfully opposing certiorari to the Supreme Court. Fed. R. Civ. P. 23(g)(1)(A)(i), (iii), and (iv). The undersigned counsel have considerable experience with civil rights and class action litigation and have demonstrated by their litigation of this case that they are able to pursue the Class Members' interests vigorously. *See* Declaration of

Jared Davidson at ¶¶ 4-14; Declaration of Eden Heilman at ¶¶ 3-14; Declaration of Robert Kinglsey Smith at ¶¶ 6-10. "[T]he voluminous pleadings, filings, and active discovery suggest that Plaintiffs' counsel adequately meet their duties … [and] Plaintiffs, through counsel, are representing the class with the fervor due under Rule 23 to the absent class members." *See Chisolm v. TranSouth Fin. Corp.,* 194 F.R.D. 538, 556 n.16 (E.D. Va. 2000).

## II. PLAINTIFFS SATISFY RULE 23(B)(2)'S REQUIREMENTS

Plaintiffs satisfy the requirements for class certification under Rule 23(b)(2) because "a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360. Rule 23(b)(2) permits a class action if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." As this Court recently stated, "Rule 23(b)(2) class certification is considered to be most useful in civil rights … cases." *Fraser v. Bureau of Alcohol*, 2023 WL 5616011, at *4 (E.D. Va. Aug. 30, 2023).

This case presents the quintessential Rule 23(b)(2) class action. Defendants act or refuse to act on grounds that apply to all class members: a felony conviction. Defendants are obligated under the Felony Disenfranchisement Provision to refuse to register or cancel voter registrations on the basis of a felony conviction. *See* Ex. 3 at ELECT_0017 ("The name of a person who has been convicted of a felony must be removed from the official list of registered voters."). And Defendants do not differentiate by offense of conviction—indeed, they strip data including the code citation of an individual's felony conviction from the data they receive from the Virginia State Police and other external sources prior to processing the voter registration cancellations. *See id.* at ELECT_0137-38. That enforcement practice demonstrates that Defendants "act[] (or not) in

8

a way that affects everyone in the proposed class in a similar fashion," *Fraser*, 2023 WL 5616011, at *4.

Certification under Rule 23(b)(2) is appropriate because "[t]he relief to be granted … whether injunctive, declaratory, or declaratory and injunctive, will apply to every member of the class in exactly the same way." *Fraser*, 2023 WL 5616011, at *5. Plaintiffs seek declaratory and injunctive relief enjoining Defendants from enforcing the Felony Disenfranchisement Provision with respect to Virginians convicted of crimes that were not felonies at common law when the Act was enacted, *see* Second Amended Complaint at 43, which "would provide relief to each member of the class." *Dukes*, 563 U.S. at 360. This single injunction and declaratory judgment enjoining Defendants' conduct and declaring it unlawful will provide relief to all class members, so certification under Rule 23(b)(2) is proper.[4]

## III. PLAINTIFFS ALSO SATISFY RULE 23(B)(1)(A)'S REQUIREMENTS

Alternatively, Plaintiffs satisfy the requirements of Rule 23(b)(1)(A), and the Court should certify such a class if it determines that proceeding as a class action under Rule 23(b)(2) is inappropriate. Rule 23(b)(1)(A) permits a class action if "prosecuting separate actions by or against individual class members would create a risk of … inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." As the Supreme Court has reasoned, Rule 23(b)(1)(A) "takes in cases where the party is obliged by law to treat the members of the class alike." *Amchem*, 521 U.S. at 614. As Plaintiffs assert, Defendants are obliged by law (the Virginia Readmission Act)

---

[4] "There is no threshold ascertainability requirement in this Rule 23(b)(2) case, which seeks only declaratory and injunctive relief from a[n unlawful] policy." *Kadel v. Folwell*, 100 F.4th 122, 160 (4th Cir. 2024), *cert. granted, judgment vacated and remanded on other grounds*, No. 24-99, 2025 WL 1787687 (U.S. June 30, 2025). Accordingly, the Court can grant this motion and certify this class under Rule 23(b)(2) without addressing ascertainability.

9

to treat members of the class alike with respect to disenfranchisement—namely, Defendants are uniformly prohibited by that federal law from disenfranchising any of the members of the class on the basis of a conviction for a crime that was not a felony at common law in 1870.

This action is precisely within the purview of Rule 23(b)(1)(A) because having individual class members pursue individual actions on the same theory and, in many cases, challenging disenfranchisement under the same offense of conviction, would create a risk of "varying adjudications" establishing "incompatible standards of conduct" for Defendants.  As this Court reasoned in *Knight v. Levine*, if "two Plaintiffs from the proposed class were to litigate their claims individually, and the first Plaintiff prevailed on his claim[,] … and the second Plaintiff proceeded to trial and lost, then incompatible standards of conduct for the Defendants [would] result[] because the exact same actions would be deemed" violations for the first but not the second Plaintiff.  2013 WL 427880, at *4 (E.D. Va. Feb. 4, 2013).  Here, the same risk would result from individual actions: disenfranchisement pursuant to Article II, § 1 could be deemed a violation of federal law as to the first plaintiff, but as to the second plaintiff, the exact same action could be deemed permissible.

If this Court determines that the Virginia Readmission Act prohibits Defendants from disenfranchising Mr. King and Ms. Johnson and orders appropriate relief, but another court were to later determine for different plaintiffs in precisely the same circumstances that there is no federal-law barrier to their disenfranchisement, then Defendants would face incompatible standards of conduct.  Defendants would be permitted to disenfranchise the later plaintiff for the same offenses which this Court determined Defendants were not permitted to disenfranchise under the Act.  *Cf. Trauernicht v. Genworth Financial, Inc.*, 2024 WL 3835067, at *12 (E.D. Va. Aug.

15, 2024) (finding certification under Rule 23(b)(1)(A) appropriate where separate actions could lead to requiring Defendants to engage in incompatible conduct with respect to the same account).

Virginia law gives Defendants no discretion to decline to cancel or reject the voter registration of an individual with a felony conviction. *See* Defendants' Motion to Dismiss, Dkt. 53 at 12 (citing Declaration of Susan Beals, Dkt. 54-2 at ¶¶ 4, 5, 7) ("If a felon who was not previously registered to vote attempts to register, the voter registration system will prevent the general registrar from processing the application."). With a court order prohibiting them from declining to register an individual for a current felony not considered a "felony at common law" and with a conflicting court order to decline that same registration under the Felony Disenfranchisement Provision, Defendants would be faced with conflicting and incompatible obligations when presented with a new voter registration. Certification under Rule 23(b)(1)(A) is therefore appropriate.

As for ascertainability, the class meets the requirement "that the members of a proposed class be 'readily identifiable'" under Rule 23(b)(1)(A). *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014) (quoting *Hammond v. Powell*, 462 F.2d 1053, 1055 (4th Cir. 1972)). For a proposed class to be ascertainable, "a court [must be able to] readily identify the class members in reference to objective criteria." *Id.* "The goal is not to 'identify every class member at the time of certification, but to define a class in such a way as to ensure that there will be some 'administratively feasible way for the court to determine whether a particular individual is a member' at some point." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 658 (4th Cir. 2019) (quoting *EQT Prod.*, 764 F.3d at 358). Members of the proposed class are readily identifiable by reference to objective criteria: the criminal court records of any person who has been convicted of a felony and is seeking to register to vote. Records containing conviction and cancellation

information about the proposed class members provide objective, identifiable means of ascertaining the class. *See* Ex. 3 at ELECT_0237 (showing conviction information received through Secretary of State Report), ELECT_0128. Although the Court may, in deciding the merits of this case and the appropriate scope of its injunction, need to determine which felony offenses were felonies at common law at the time the Act was passed, it will be "administratively feasible for the court to determine whether a particular individual is a member" thereafter based purely on the individual's conviction record without the need for any extensive fact-finding. *EQT Prod. Co.*, 764 F.3d at 358 (quoting 7A Wright & Miller's Federal Practice & Procedure § 1760 (3d ed. 2005)). Ascertainability therefore poses no impediment to certification of the proposed class.

## **CONCLUSION**

The proposed class meets each requirement for certification under Rule 23(a), (b)(2), and, in the alternative, 23(b)(1)(A). Plaintiffs therefore respectfully request that this Court certify the class defined as "all citizens of the Commonwealth of Virginia who are currently, or in the future will be, disqualified from voting under Article II, § 1 of the Virginia Constitution because they were convicted of a crime that was not a felony at common law in 1870," and appoint Plaintiffs' as class representatives and undersigned counsel as class counsel.

Dated: July 18, 2025

Respectfully submitted,

*/s/ Brittany Blueitt Amadi*

| | |
|---|---|
| Vishal Agraharkar (VSB No. 93265) | Brittany Blueitt Amadi (VSB No. 80078) |
| Eden Heilman (VSB No. 93554) | Medha Gargeya** |
| ACLU FOUNDATION OF VIRGINIA | WILMER CUTLER PICKERING |
| 701 E. Franklin Street, Ste. 1412 |    HALE AND DORR LLP |
| Richmond, VA 23219 | 2100 Pennsylvania Ave NW |
| (804) 523-2151 | Washington, DC 20037 |
| vagraharkar@acluva.org | (202) 663-6000 |
| eheilman@acluva.org | brittany.amadi@wilmerhale.com |

Jared Fletcher Davidson*
PROTECT DEMOCRACY PROJECT
3014 Dauphine Street, Suite J
New Orleans, LA 70117
(202) 579-4582
jared.davidson@protectdemocracy.org

Benjamin L. Berwick*
PROTECT DEMOCRACY PROJECT
15 Main Street, Suite 312
Watertown, MA 02472
(202) 579-4582
ben.berwick@protectdemocracy.org

Beau C. Tremitiere*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave NW, Suite 153
Washington, DC 20006
(202) 579-4582
beau.tremitiere@protectdemocracy.org

Robert Kingsley Smith*
Jason H. Liss*
Robert Donoghue*
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
robert.smith@wilmerhale.com

Nicholas Werle*
Noelle Higginson*
Brandon Roul*
Dylan S. Reichman**
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
nick.werle@wilmerhale.com

Nitisha Baronia*
WILMER CUTLER PICKERING
   HALE AND DORR LLP
50 California Street, St # 3600
San Francisco, California 94111
(202) 718-6494
nitisha.baronia@wilmerhale.com

***Counsel for Plaintiffs***

*admitted pro hac vice
**pro hac vice application forthcoming