IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TATI ABU KING, *et al.*,
    Plaintiffs,

v.                                                            Civil Action No. 3:23cv408

JOHN O'BANNON, in his official
capacity as Chairman of the State Board
of Elections for the Commonwealth of
Virginia, *et al.*,
    Defendants.

## ORDER

This matter comes before the Court on a motion to seal filed by the plaintiffs, Tati Abu King and Toni Heath Johnson. (ECF No. 154.) They ask the Court to seal (1) portions of an election handbook from the Virginia Department of Elections and (2) an overview of Johnson's voter information. (ECF No. 155, at 1.) The plaintiffs contend that the voter information contains Johnson's criminal history and other personal information that merits sealing. (*Id.*, at 2.) In response to another request to seal the same portions of the same handbook, the defendants noted that the handbook does not include "sensitive information." (ECF No. 197, at 4.)

Courts do their work in public. Consequently, they hesitate to seal litigation materials. *See* E.D. Va. Loc. Civ. R. 5(C) ("Motions to file documents under seal are disfavored and discouraged.") A court may nevertheless seal materials when litigants' interests outweigh "the public's right of access" under the common law or First Amendment. *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). The First Amendment requires that "the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (requiring courts to apply a First Amendment standard at summary judgment). Even if the request to seal satisfies

the First Amendment, a trial court must also "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcroft*, 218 F.3d at 302.

The government "indisputably has a compelling interest in preserving the integrity of its election process." *Purcell v. Gonzales*, 549 U.S. 1, 4 (2006). Here, however, the defendants—who maintain the election handbook at issue—have said that the handbook contains no "sensitive information." (ECF No. 197, at 4.) Without some sensitive information, the Court cannot justify its sealing. As for Johnson's voter information, Federal Rule of Civil Procedure 5.2(a) directs filers to redact from court filings certain personally identifying information. Johnson's voter record already complies with Rule 5.2(a),[1] and the movants have failed to show how Johnson's interest in sealing publicly available information outweighs the public's right of access. *See Ashcroft*, 218 F.3d at 302. Accordingly, Johnson's voter file does not warrant sealing.

For these reasons, the Court DENIES the motion to seal, (ECF No. 154), and directs the plaintiffs to file unsealed versions of the documents within five (5) days of this Order.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 16 January 2026
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[1] Rule 5.2(a) allows materials to show the last four digit of a person's social security number, a person's year of birth, a minor's initials, and the last four digits of a person's financial-account number. Fed. R. Civ. P. 5.2(a)(1)–(4). The instant document shows only the last four digits of a social security number and year of birth. (ECF No. 158, at 50.) It does not contain any financial information or information relating to a minor. (*See id.*)