IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TATI ABU KING, *et al.*,
        Plaintiffs,

v.                                          Civil Action No. 3:23cv408

JOHN O'BANNON, in his official
capacity as Chairman of the State Board
of Elections for the Commonwealth of
Virginia, *et al.*,
        Defendants.

## MEMORANDUM ORDER

This matter comes before the Court on a motion to clarify or amend the Court's final order filed by the defendants, a group of election officials[1] for the Commonwealth of Virginia. (ECF No. 228.) Pursuant to Federal Rule of Civil Procedure 59(e), the defendants ask this Court two questions: (1) Does the final injunction in this case require Virginia to permit certain incarcerated individuals to cast ballots, and (2) what modern statutory felonies count as felonies at common law? (*Id.* at 4–7.) Because the parties did not develop the incarceration question when litigating the merits, the Court declines to address it. Further, the Court declines to modify its injunction with a list of statutory felonies when the injunction provides Virginia ample time to implement the clear rule stated in the injunction. For these reasons, the Court will deny the motion. (ECF No. 228.)

---

[1] For a complete list of the remaining defendants in this matter, see this Court's summary judgment opinion. (Opinion, ECF No. 222, at 2 n.2).

## I. <u>BACKGROUND</u>

The plaintiffs, Tati Abu King and Toni Heath Johnson, filed this class action lawsuit on June 26, 2023.[2] They brought this suit under *Ex Parte Young*, 209 U.S. 123 (1908), to prevent the defendants from disenfranchising all felons under Article II, § 1 of the Virginia Constitution. (*See generally* Second Amend. Compl., ECF No. 96.) King and Johnson argued that this provision violates a federal law—the Virginia Readmission Act of 1870, which allows Virginia to amend its constitution to disenfranchise only those convicted of crimes that were common-law felonies in 1870. *See* Act of Jan. 26, 1870, ch. 10, 16 Stat. 62, 63 (1870).

After much litigation, the Court certified a proposed class and granted summary judgment for the plaintiffs. In its opinion, the Court wrote that "Article II, § 1 runs afoul of the Virginia Readmission Act by allowing the Commonwealth to disenfranchise people for crimes that were not 'felonies at common law' as defined in 1870." (Opinion, ECF No. 222, at 2.) Ultimately, the Court concluded that Virginia may disenfranchise for convictions of only eleven common-law felonies. (*Id.* at 33–37.) On January 22, 2026, the Court then entered an injunction to that effect. It reads in relevant part:

> The Court DECLARES that the defendants have violated the Virginia Readmission Act. Accordingly, the Court PERMANENTLY ENJOINS the defendants from using Article II, § 1 of the Virginia Constitution to violate the Virginia Readmission Act. Consequently, by May 1, 2026, the defendants SHALL not deny a person attempting to register to vote or cancel a person's existing registration except for convictions of the following common-law felonies: (1) arson; (2) burglary; (3) escape and rescue from a prison or jail; (4) larceny; (5) manslaughter; (6) mayhem; (7) murder; (8) rape; (9) robbery; (10) sodomy; and (11) suicide.

(Final Order, ECF No. 223, at 2.)

---

[2] (Initial Complaint, ECF No. 1.) This case initially involved several other plaintiffs, who left the case for various reasons. For a more in-depth procedural history, see this Court's opinion. (Opinion, ECF No. 222, at 7–9.)

On February 19, 2026, the defendants filed the instant motion to clarify or amend that Order. The plaintiffs then filed an opposition brief on March 5, 2026. Finally, the Court held a hearing on March 9, 2026.

It is apparent that the parties are jockeying for relief not granted earlier. The plaintiffs now ask the Court to tell the electoral officials how and when to allow prisoners to vote; during the litigation of the merits of this case, they sought only an end to automatic disenfranchisement. The defendants ask the Court to list all the current crimes that are actually felonies at common law; previously, they called such listing impossible and cited the impossibility as grounds to deny any relief at all.

## II. DISCUSSION

A party may move "to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A court may grant such a motion "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). Motions to alter or amend "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* (citations omitted).

Here, the parties' arguments do not persuade the Court to alter its judgment. First, the request to litigate Virginia's obligation to certain incarcerated individuals raises an issue "which could have been raised prior to the issuance of the judgment." *Id.* Although the parties vaguely alluded to the incarceration issue, they neglected to articulate fully any argument concerning the propriety of incarcerated individuals' voting. They did not address the mechanics of how prisoners

3

can vote, or the security concerns that might arise.[3] Accordingly, the Court declines to elaborate on a question not squarely brought prior in the litigation. *See Westport Ins. Co. v. Albert*, 208 F. App'x 222, 227 (4th Cir. 2006) (affirming a denial of post-judgment motions because parties raised new arguments that should have been raised earlier in briefing).

To be clear, the injunction does not address how prisoners register or vote, and imposes no duties on the defendants in that regard.

Second, the Court declines to amend its judgment to include a list of statutory felonies that also count as common-law felonies. The defendants have not identified an "error of law" to support the requested change, nor have they offered "new evidence" or new law that would require amendment. *See Pac. Ins.*, 148 F.3d at 403 (describing the grounds for amendment under Rule 59(e)). Instead, the defendants argue that they cannot discern a general rule from the injunction because it does not track the plaintiffs' requested relief. (Mot. to Clarify or Amend, ECF No. 228, at 5–6.) But the injunction clearly states that "the defendants SHALL not deny a person attempting to register to vote or cancel a person's existing registration except for convictions of the following common-law felonies: (1) arson; (2) burglary; (3) escape and rescue from a prison or jail; (4) larceny; (5) manslaughter; (6) mayhem; (7) murder; (8) rape; (9) robbery; (10) sodomy; and (11) suicide." (Final Order, ECF No. 223, at 2.) The Court, therefore, has entered a clear injunction

---

[3] As the Court noted in its opinion in this case, a party generally waives an issue by failing to develop an argument, even if the briefing makes a nod toward the argument. (Opinion, ECF No. 222, at 40 n.48 (first quoting *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (cleaned up); and then citing *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Connect Ins. Agency, Inc.*, No. C14- 5880JLR, 2016 WL 631574, at *25 (W.D. Wash. Feb. 16, 2016) ("A party waives or abandons an argument at the summary judgment stage by failing to provide more than a passing remark in support of its position." (citation omitted))).)

from which the defendants can discern a rule.[4] For these reasons, the Court will not pore over the entirety of the Virginia Code.

The Court already gave the Commonwealth's electoral officials until May 1, 2026, to implement the injunction. The Court did so to allow the Virginia Department of Elections to issue operating guidelines or regulations to local electoral officials. It anticipates that the Commonwealth will do so.

Absent a more concrete dispute, the Court will not now tell state election officials how to most efficiently implement the clear injunction in this case. After all, given the "considerable leeway" states have in overseeing elections, states officials will know how best to align Virginia's registration system with this Court's injunction. *See Fusaro v. Cogan*, 930 F.3d 241, 257 (4th Cir. 2019) (quoting *Buckley v. Am. Constitutional L. Found., Inc.*, 525 U.S. 182, 191 (1999)).

For the reasons stated above, the Court DENIES the motion to clarify or amend. (ECF No. 228).

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 9 March 2026
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[4] For this reason, the Court also notes that its injunction satisfies the specificity requirements in Federal Rule of Civil Procedure 65. *See* Fed. R. Civ. P. 65(d) (requiring injunctions to state "why it issued," its specific term, and the acts restrained or required).