# Exhibit B



**CLC**
ADVANCING
DEMOCRACY
THROUGH LAW

June 3, 2026

The Honorable Steven Koski
Commissioner of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

John O'Bannon
Chairman of the Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

Virginia Department of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

*Additional recipients after signature*

*Via email and certified mail*

**Re: Notice of Virginia's Noncompliance with the National Voter Registration Act Arising from Changes to Eligibility Requirements for Voters with Prior Felony Convictions and Demand for Records**

Dear Commissioner Koski and Chairman O'Bannon,

On behalf of the League of Women Voters of Virginia and all other similarly situated organizations and individuals, the undersigned write regarding changes to the eligibility requirements for certain voters with felony convictions and the federal law governing necessary notice of those changed eligibility requirements. **Pursuant to 52 U.S.C. § 20510(b), this letter serves as notice that Virginia's failure, as of yet, to update Virginia's eligibility requirements violates the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20501 *et seq*.** We would welcome the opportunity to discuss the necessary changes to comply with federal law and adequately notify newly eligible Virginia voters of their rights. Further, pending further implementation, we urge your office to provide immediate and temporary guidance to these newly eligible voters regarding how to use the current voter registration form, which presently is not designed to accommodate them.

As you know, on January 22, 2026, a federal district court in the Eastern District of Virigina held that Virginia's Constitution violated the Virginia Readmission Act and determined that Virginia may only disenfranchise those voters who are convicted of the common law crimes that existed in 1870. *King v. O'Bannon*, 817 F. Supp. 3d 354, 385 (E.D. Va. 2026). The Court ordered that Virginia "SHALL not deny a person attempting to register to vote or cancel a person's registration except for convictions of the following common-law felonies: (1) arson; (2) burglary; (3) escape and rescue from a prison or jail; (4) larceny; (5) manslaughter; (6) mayhem; (7) murder; (8) rape; (9) robbery; (10) sodomy; and (11) suicide." Final Order, *King v. O'Bannon*, No. 3:23-cv-00408 (E.D. Va. Jan. 22, 2026), ECF No. 223 ("Court's Order"). The effective date for implementing the Court's Order is June 1, 2026. Parties' Joint Stipulation to Extend Implementation Deadline, *King v. O'Bannon*, No. 3:23-cv-00408 (E.D. Va. Apr. 28, 2026), ECF No. 238.

As of June 1, 2026,[1] any otherwise eligible individual who has not been convicted of one of the aforementioned crimes retains and thus never loses the right to vote. Accordingly, to be eligible to vote in Virginia, one must be: (1) a U.S. citizen; (2) 18 years of age; (3) a resident of Virginia; and (4) not convicted of the 1870 felonies at common law *or* have had their rights restored if convicted of those felonies.[2] However, Virginia's current voter registration form, as well as the state-specific instructions to the National Mail Voter Registration Form, provide incorrect or missing information as to an applicant's eligibility to vote with a felony conviction. The form also asks for information beyond what is necessary to assess eligibility (whether the applicant was convicted of *any* felony, rather than only the 1870 felonies at common law) and has an attestation that does not allow applicants to attest to the correct eligibility criteria. These deficiencies violate various provisions of the NVRA, including the Instructions Provisions (Sections 6 and 9); the Motor Voter Provision (Section 5); the Public Agency Provision (Section 7); and the Attestation Provisions (Sections 6 and 9). Given the upcoming elections and the broad population impacted, we urge your office to take action to resolve these issues as soon as possible.

Moreover, it is our understanding that Virginia currently plans to process the voter registration applications of some or all individuals with felony convictions by requiring them to provide additional information to verify their eligibility. This process would violate the Accept and Use Provisions (Sections 6 and 9), which require that Virginia accepts and uses the applications of all facially eligible applications in federal elections and that it ensures that all eligible voters who have submitted applications are placed on the rolls. Virginia's current process would result in the nonuniform and discriminatory treatment of facially eligible individuals based solely on felony convictions that no longer take away their right to vote. This violates the Uniform and Nondiscriminatory Provision (Section 8(b)) of the NVRA. By updating the form to resolve the deficiencies described in the prior paragraph, Virginia can also eliminate any need to impose additional unlawful verification procedures on newly eligible voters.

All of the aforementioned process problems with the current implementation of the Order additionally violate the Facial Eligibility Provision (Section 8) of the NVRA, which requires that states ensure that all eligible applicants are placed on the voter rolls upon the timely submission of a voter registration application. Again, these problems can be resolved through an updated voter registration form, tailored to Virginia's current voter criteria, and a uniform process for enrollment of facially eligible voters.

Finally, we respectfully request the documents and records underlying Virginia's policies and procedures with respect to implementing the Court's Order.

We look forward to working with you to improve Virginia's implementation of the Court's Order and ensure that all newly eligible voters can access the ballot.

---

[1]     Virginia voters are set to vote in the November general election on a constitutional amendment that would automatically re-enfranchise all individuals with prior felony convictions upon release from incarceration. But this upcoming referendum does not absolve Virginia of its current obligations under the NVRA. Tens of thousands of eligible Virginians are eligible to register to vote now pursuant to the Court's Order. Those individuals are entitled to a voter registration process that is accurate, uniform, nondiscriminatory, and only requires the information necessary to assess their application. Likewise, the referendum, if passed, would only apply to those individuals who would otherwise be disenfranchised by a common law crime; it cannot, by definition, apply to those voter registration applicants who never lose their right to vote in the first place. Thus, for individuals covered by the Court's Order, the status quo will not change.

[2]     We also note that many pages on official Virginia websites, including the Department of Elections', inaccurately state the current eligibility requirements for individuals with prior felony convictions and need to be updated as soon as practicable. *E.g.*, Va. Sec'y of the Commonwealth, Restoration of Rights, https://www.restore.virginia.gov/; Va. Dep't of Elections, Election and Voter FAQ, https://www.elections.virginia.gov/registration/election-voter-faq/; Va. Dep't of Elections, How to Register, https://www.elections.virginia.gov/registration/how-to-register/; Va. Dep't of Elections, Registration; https://www.elections.virginia.gov/registration/; Va. Dep't of Elections, State-designated Voter Registration, https://www.elections.virginia.gov/registration/designated-state-agencies/.

### A. Virginia must specify the new eligibility criteria for voter registration to accurately inform voters with felony convictions in light of the Court's Order.

The NVRA requires that voter registration forms for federal elections "specif[y] each eligibility requirement (including citizenship)." 52 U.S.C. §§ 20508(b)(2), 20505(a)(2), 20506(a)(6)(A)(i); *see also* 52 U.S.C. § 20504(c)(2)(C) (requiring that forms used at motor vehicle offices "state[] each eligibility requirement"). The eligibility criteria must be specified in a way that would fully "inform applicants . . . of . . . voter eligibility requirements." *Id.* § 20507(a)(5). "[V]oter applicants are not 'informed' of the voter eligibility requirements unless the information presented on the form is accurate and not misleading." *Tennessee Conf. of the NAACP v. Lee*, 730 F. Supp. 3d 705, 736 (M.D. Tenn. 2024), *vacated on other grounds*, No. 3:20-cv-01039, 2025 WL 4684743 (M.D. Tenn. Aug. 5, 2025).

Most voter registration applicants with a felony conviction no longer lose the right to vote at all, so they do not need to have their civil rights restored to register to vote. Instead, the instructions should state that only certain felony convictions are disenfranchising and list those convictions. The instructions should then explain that for those disenfranchising convictions, the right to vote may be restored through executive clemency.

However, neither the Virginia Voter Registration Form ("State Form") nor the Virginia-specific instructions to the National Voter Registration Form ("Federal Form") accurately identify that only certain felony convictions are disqualifying. As such, those forms violate the NVRA's requirement that the forms "specif[y] each eligibility requirement." Additionally, because those forms are inaccurate, they currently require more information than is necessary to assess the eligibility of an applicant, which violates Section 9 of the NVRA. Finally, the use of inaccurate forms violates Sections 5 and 7 of NVRA, which provide requirements for voter registration at motor vehicle and public assistance agency offices.

### a. Virginia must update the Federal Form and state-specific instructions to the Federal Form in light of the Court's Order.

The current Federal Form instructions are incorrect and require an attestation to that incorrect information. Likewise, the State Form is incomplete and incorrect. Both deficiencies violate the Instructions and Attestation Provisions of Sections 6 and 9 of the NVRA, 52 U.S.C. § 20508, which govern the content of voter registration forms used for federal elections.

First, the Instructions Provisions require that the Federal Form "shall include a statement that . . . specifies each eligibility requirement (including citizenship)." 52 U.S.C. § 20508(b)(2). States are required to submit updates to voter eligibility to the Election Assistance Commission so that the state-specific instructions to the Federal Form may be updated accordingly. 52 U.S.C. § 20508(a)(2). Section 6 requires that all state voter registration forms "meet[] all of the criteria stated in [Section 9] for the registration of voters in elections for Federal office." 52 U.S.C. § 20505(a)(2).

The current instructions to the Federal Form state that "[t]o register in Virginia, you must . . . not have been convicted of a felony, or have had your civil rights restored." Ex. A at 21. Following the Court's Order, this is now wrong because only a limited number of felony convictions are disqualifying and those with disqualifying felony convictions may seek restoration through executive clemency.

The State Form fares no better. The State Form does not specify *any* eligibility criteria for voter registration, putting the form plainly in violation of the NVRA's requirements. Ex. B. The form essentially asks for the applicant to answer questions and fill in their information. At no point does the application state what information will be used to assess the eligibility of the applicant. *See* 52 U.S.C. § 20508(b). To the extent that the State Form could be construed to state Virginia's eligibility criteria, those criteria are incorrectly stated. The form merely asks the voter to confirm whether an individual has "ever been convicted of a felony" and, if so, "has your right to vote been restored." Ex. B. As with the Federal Form, this is incorrect on its face because it implies that any applicant with a felony conviction needs their rights restored to register to vote. Therefore, current instructions to the State Form and

3

Federal Form fail to "specif[y] each eligibility requirement" to accurately "inform applicants . . . of . . . voter eligibility requirements." 52 U.S.C. §§ 20508(a)-(b)(2), 20507(a)(5).

Second, the Attestation Provisions require that the Federal Form and its state equivalent "contain[] an attestation that the applicant meets each such requirement" and "requires the signature of the applicant, under penalty of perjury." 52 U.S.C. § 20508(b)(2). Because the Federal Form is not updated to reflect Virginia's new eligibility requirements, Virginia is forcing applicants to attest to eligibility requirements that are not correct. The attestation provided in the State Form is problematic because the form does not specify the eligibility criteria about which voters must attest. To the extent that the form could be construed to specify eligibility criteria, the information required of the applicant does not correctly assess their eligibility.

Finally, the Attestation Provisions mandate that the Federal Form and its state equivalent "may require only such identifying information . . . and other information . . . as is necessary to enable the appropriate State election official to assess the eligibility of the applicant and to administer voter registration and other parts of the election process." 52 U.S.C. § 20508(b)(1). The State Form asks applicants to check a box indicating whether they have ever been convicted of *any felony* rather than whether the applicant has ever been convicted of an 1870 common law felony, thus it requests more information than is necessary to assess the eligibility of an applicant. The instructions on the Federal Form require the applicant to attest to not having been convicted of any felony (or having their rights restored), also requesting information beyond what is necessary to assess eligibility. Because most felony convictions are not disenfranchising, those individuals with non-disqualifying felony convictions do not need to disclose their felony conviction status to register to vote. Rather, the only information that the Commonwealth *needs* to know is whether an individual has a *disqualifying* felony conviction. Thus, the felony conviction status of individuals with non-disqualifying felony convictions is more information than necessary to assess the eligibility of applicants.

Therefore, Virginia's failure to update the State Form and the state-specific instructions to the Federal Form violates Sections 6 and 9 of the NVRA.

### b. Virginia must provide NVRA-compliant voter registration forms at NVRA-designated voter registration agencies.

Virginia's failure to update the State Form or the state-specific instructions to the Federal Form also violates the Motor Voter and Public Assistance Agencies Provisions of the NVRA, which govern the use of voter registration forms at designated locations.

First, the Motor Voter Provision requires that the Virginia Department of Motor Vehicles ("DMV") provide voter registration at motor vehicle offices. 52 U.S.C. § 20504. Additionally, Virginia must designate certain public assistance agencies to provide voter registration. 52 U.S.C. § 20506. In addition to the DMV, Virginia has designated the Department of Health, Department of Social Services, Department for Aging and Rehabilitative Services, Department for the Deaf and Hard of Hearing, Department of Behavioral Health and Developmental Services, Department for the Blind and Vision Impaired, Virginia Board for People with Disabilities, Virginia Employment Commission in Northern Virginia (Planning District 8), and Regional Offices of the Department of Game and Inland Fisheries as public assistance agencies.[3] The Public Assistance Agencies Provision sets forth specific requirements for voter registration at designated offices. 52 U.S.C. § 20506.

Voter registration forms used at the DMV or designated agencies must meet, as relevant here, the same criteria under Section 9, namely, to: (a) specify or state each eligibility requirement; (b) contain an attestation that the applicant meets each such requirement; and (c) require the signature of the applicant under penalty of perjury. 52 U.S.C. §§ 20504(c)(2)(C), 20506(a)(6)(A)(i). Section 7, in particular, only

---

[3] Va. Dep't of Elections, State-designated Voter Registration, https://www.elections.virginia.gov/registration/designated-state-agencies/. The Department of Game and Inland Fisheries has been renamed to the Department of Wildlife Resources.

4

allows public agencies to use a form that is the "equivalent" of the Federal Form. 52 U.S.C. § 20506(a)(6)(A)(ii); *Mi Familia Vota v. Fontes*, 719 F. Supp. 3d 929, 997 (D. Ariz. 2024) ("Section 7 is clear: if the [Chief Elections Official] supplies the State Form to public assistance agencies, the State Form must be 'equivalent,' or 'virtually identical' to the Federal Form."). Those applications may not require more information than is necessary to assess the eligibility of the applicant. 52 U.S.C. § 20504(c)(2)(B); 52 U.S.C. § 20506(a)(6)(A)(ii) (citing 52 U.S.C. § 20508).

Upon information and belief, Virginia uses the equivalent of the State Form or Federal Form for voter registration at motor vehicle or public assistance agency offices.[4] For the same reasons that the State Form and the state-specific instructions to the Federal Form do not comply with the NVRA, Virginia's failure to update those forms also violates Virginia's obligations under the NVRA to provide voter registration at motor vehicle and public assistance agency offices.

Therefore, Virginia's failure to update the eligibility criteria on the Federal Form and State Form violates Sections 5, 7, and 9 of the NVRA.

### B. Virginia must accept and use all voter registration applications of eligible voters with prior felony convictions without requiring additional documentation or information from the applicant.

It is our understanding that Virginia plans to require all or some registration applicants with prior felony convictions to provide additional information after submitting their applications, which would violate the NVRA's mandate under both the Accept and Use Provision, which requires states to "accept and use" the Federal Form as sufficient for registration, 52 U.S.C. § 20505(a), and Section 9, which states "may require only such identifying information . . . and other information . . . as is necessary to enable the appropriate State election official to assess the eligibility of the applicant and to administer voter registration and other parts of the election process." 52 U.S.C. § 20508(b)(1). Additionally, Section 8 of the NVRA requires that all elections officials ensure that any eligible voter who timely submits a registration form is registered to vote in an election. 52 U.S.C. § 20507(a)(1) (requiring that each state "shall . . . ensure that any eligible applicant is registered to vote" in federal elections if the eligible applicant timely submits a "valid voter registration form").

We understand that registrars have been instructed to hold and not register until further notice voter registrations from all applicants with felony convictions and to contact some or all of those applicants by mail to seek additional information about their felony convictions. Individuals will be required to respond to a "supplemental form for more information after you submit a voter registration application."[5] Individuals who do not respond to the "supplemental form" will not be registered.

Requiring additional information from a facially eligible registrant without information establishing ineligibility violates the NVRA. An individual's attestation that she is eligible suffices to establish the individual's facial eligibility to register to vote. Moreover, both federal and Virginia law requires coordination of records between law enforcement and election agencies to ensure that election officials have accurate information to determine whether a Virginian has been disqualified from voting by a felony conviction. *See* Help America Vote Act, 52 U.S.C.A. § 21083(a)(1)(A)(iv) (requiring that every state maintain databases and information flows sufficient to allow elections officials to verify eligibility); Va. Code § 24.2-409 (requiring the Central Criminal Record Exchange to transmit lists of felony convictions to the Department of Elections for purposes of assessing eligibility to vote). Based on information and belief, various state agencies are in the process of updating this ineligible table to remove Virginians who have not been convicted of disqualifying felonies; indeed, the state must do so to stay compliant with applicable laws. Until that list is updated to remove people with non-disqualifying convictions, presence on it does not establish

---

[4]    *See* Va. Dep't of Elections, National Voter Registration Act (NRVA) Designated State Agency Training & Reference Manual at 8-10 (updated July 2025), https://www.elections.virginia.gov/media/formswarehouse/veris-voter-registration/designated-agencies/DSA_RegistrationManual---rev.07_25.pdf.

[5] Va. Dep't of Elections, Felony Convictions and Voter Eligibility (updated June 1, 2026), https://www.elections.virginia.gov/registration/felony-convictions-and-voter-eligibility/.

ineligibility and may not overcome the facial presumption of eligibility created by submission of the registration. A person's disclosure on the current, deficient registration form that they have *any* felony conviction likewise cannot serve as evidence of ineligibility. To the extent that the State needs information regarding out-of-state or federal convictions, it is the obligation of the State to first seek out that information. Like every state, Virginia has access to numerous databases that enable it to assess out-of-state and federal convictions, including, but not limited to, interstate criminal databases and federal court records. Only if the State has information establishing ineligibility may the voter be required to provide more information than the application requires. *See Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 2 (2013).

Virginia's process for requiring additional information for facially eligible voters also violates Section 8's requirements that "[a]ny State program or activity to protect the integrity of the electoral process by ensuring the maintenance of an accurate and current voter registration roll for elections for Federal office ... be uniform [and] nondiscriminatory." 52 U.S.C. § 20507(b). Virginia's proposed process is a "program or activity" because it is a program for determining the eligibility of voter registration applicants based on a felony conviction. That program is nonuniform and discriminatory because it would require additional information of voters based solely on their prior conviction status, even when that individual never lost the right to vote.

To the extent that Virginia believes it is necessary to require additional information from the voter because the current voter registration forms do not specify which felony convictions are disenfranchising, that is a failure of the Commonwealth that should not fall on the voter. If the voter registration form does not suffice to establish the eligibility of the applicant because of its facial incorrectness, the onus is on the State to determine that individual's eligibility by all other means before requiring additional information of the applicant. In other words, one NVRA violation does not justify another; Virginia cannot use its inaccurate voter registration application as an excuse to eschew its other obligations under the Act.

Therefore, Virginia's proposed process for assessing the eligibility of voter registration applications violates Section 8 of the NVRA.

*       *       *

All of the foregoing violations also lead to violations of the Facial Eligibility Provisions of Section 8 of the NVRA, which requires that states ensure that all applicants who submit valid voter registration forms are placed on the registration rolls. 52 U.S.C. § 20507(a). All of these violations can be resolved by a revised voter registration form designed to accommodate newly eligible voters and assess their eligibility without any additional steps. We hope to work with you to implement these changes as soon as possible.

### C. League of Women Voters of Virginia respectfully requests records and documents underlying Viriginia's policies and procedures with respect to implementing the Court's Order.

League of Women Voters of Virginia requests records relevant to Virginia's implementation of the Court's Order in *King v. O'Bannon* as it pertains to processing voter registrations and maintaining the accuracy of the voter rolls. Pursuant to the Public Disclosure Provision of the NVRA, 52 U.S.C. § 20507(i), League of Women Voters of Virginia requests copies of the following public records held by the Virginia Department of Elections (ELECT):

6

1. Individualized records[6] of all Virginia residents whose information has been removed from the "ineligible table"[7] in light of the decision in *King v. O'Bannon* limiting which felony convictions take away the right to vote.

   a. OR the "ineligible table" as it existed on January 1, 2026, AND the current "ineligible table."

2. Individualized registration records[8] for each of the following voters and voter registration applicants:

   a. All individuals removed from the list of eligible voters because of a felony conviction from June 1, 2020, to the present; and

   b. All voter registration applicants denied registration because of a felony conviction from June 1, 2020, to the present.

3. Any documents reflecting Virginia's implementation of the final order in *King v. O'Bannon*, including but not limited to:

   a. All communications within ELECT, between any ELECT and other government officials, or with any members of the public;

   b. All written draft and/or final policies, procedures, and practices; and

   c. All trainings and/or instructions provided to election officials.

4. Any documents reflecting ELECT's policy or process for removing individuals from the list of eligible voters because of a felony conviction.

To the extent that Virginia law would narrow your responsibilities for disclosure under the NVRA, federal law preempts state law.

League of Women Voters of Virginia expects that any fees will be a "reasonable cost," as required under the NVRA's Public Disclosure Provision. 52 U.S.C. § 20507(i)(1). Please inform the undersigned of the expected cost prior to delivery if it exceeds $100.

Please provide all data in electronic format where possible. Where applicable, League of Women Voters of Virginia requests the data in a native, searchable format. You can deliver the records to the undersigned via email, FTP transfer, or in a password-protected form at bbowie@campaignlegalcenter.org. Alternatively, you may ship encrypted thumb drives or disks to the address below.

As Virginia's Commissioner of Elections, you are the State's Chief Election Officer, Va. Code § 24.2-404.1, and as such, you are responsible for ensuring Virginia's compliance with the NVRA, *see* 52 U.S.C. § 20509. This letter constitutes notice pursuant to 52 U.S.C. § 20510(b) that your failure to comport with the Court's Order and the NVRA's requirements for voter registration has placed you in violation of 52 U.S.C. §§ 20504, 20505, 20506, 20507, and 20508. Because we are within 120 days of a federal election, if this violation is not corrected in 20 days, the undersigned may seek declaratory or injunctive relief to remedy the violation. *See* 52 U.S.C. § 20510(b)(2).

---

6    "Individualized records" refers to identifying information for each person listed, including but not limited to, full name, date of birth, and address.

7    We understand this to refer to the list maintained by ELECT, populated with information from the Central Criminal Records Exchange, Virginia State Police, and other sources, pursuant to Virginia Code § 24.2-409, which allows election officials to determine whether a voter registration applicant or current voter is ineligible to vote because of a felony conviction.

8    "Individualized registration records" refers to identifying information and registration records for each person, including full name, date of birth, address, date(s) of registration, date(s) of removal, and reason for removal.

Likewise, the undersigned request a response to the records request within 20 days of receipt of this letter. Failure to respond to this request will place you in violation of the NVRA's Public Disclosure Provision, 52 U.S.C. § 20507(i).

The League is eager to assist newly eligible voters to register and participate in upcoming elections. In order to do so effectively, there must be a functional voter registration process that is designed to serve these voters as well as any other Virginia voter. We are happy to meet to discuss further and welcome further discussions about resolving this issue.

Respectfully submitted,

*/s/Blair Bowie*
Blair Bowie
Valencia Richardson
Robyn Bitner
Reginald Thedford
Arianna Khan
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005

cc:
Attorney General Jay Jones
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219

John O'Bannon
Chairman of the Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

Rosalyn R. Dance
Vice-Chairman of the Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

Georgia Alvis-Long
Secretary of the Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

Christopher P. Stolle
Member of the Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

Sally Hudson
Member of the Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

Traci J. Deshazor
Secretary of Administration of Virginia
Patrick Henry Building
1111 East Broad Street
Richmond, VA 23219

8

Saundra M. Jack
Commissioner
Virginia Department of Motor Vehicles
P.O. Box 27412
Richmond, VA 23269

B. Cameron Webb
State Health Commissioner
Virginia Department of Health
109 Governor Street
Richmond, VA 23219

Duke Storen
Commissioner
Virginia Department of Social Services
5600 Cox Road
Glen Allen, VA 23060

Nedra Moncrief-Craig
Commissioner
Virginia Department for Aging and Rehabilitative Services
5620 Cox Road
Glen Allen, VA 23060

Eric Raff
Director
Virginia Department for the Deaf and Hard of Hearing
1602 Rolling Hills Drive, Suite 203
Henrico, VA 23229

Daryl Washington
Commissioner
Virginia Department of Behavioral Health and Developmental Services
1220 Bank Street
Richmond, VA 23219

Rick Mitchell
Commissioner
Virginia Department for the Blind and Vision Impaired
397 Azalea Avenue
Richmond, VA 23227

Teri Morgan
Executive Director
Virginia Board for People with Disabilities
5620 Cox Road
Richmond, VA 23060

Melissa Smith
Commissioner
Virginia Employment Commission
P.O. Box 26441
Richmond, VA 23261

Ryan Brown
Executive Director
Virginia Department of Wildlife Resources
7870 Villa Park Drive, Suite 400
Henrico, VA 23228

9