# Exhibit C



June 26, 2026

The Honorable Steven Koski
Commissioner of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

John O'Bannon
Chairman of the Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

Virginia Department of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

*Additional recipients after signature*

*Via counsel*

Attorney General Jay Jones
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219

**Via email and certified mail**

Dear Attorney General Jones,

Thank you for your office's thoughtful conversation on June 23 about our June 3 Notice Letter. On behalf of the League of Women Voters of Virginia and Bridging the Gap in Virginia, we are grateful for the opportunity to collaborate with you in re-enfranchising Virginians with non-common law felonies and resolving any ongoing violations of the National Voter Registration Act (NVRA).

During our conversation, we discussed several issues from our June 3 Notice Letter, including deficiencies with the State and Federal Voter Registration Forms and the process for registering eligible voters with felony convictions. We appreciate your candor about the challenges with implementing the *King v. O'Bannon* court order and dedication to resolving those issues to ensure that all newly eligible voters can register and access the ballot. We also appreciate your willingness to work together to troubleshoot and correct any noncompliance with the NVRA.

This letter serves as notice of continuing NVRA violations, including our suggestions for how to remedy those violations. We look forward to our continued collaboration on these issues.

1.    **The Commonwealth remains in violation of federal law regarding voter registration forms.**

As explained in our June 3 Notice Letter, the Commonwealth is violating several provisions of the NVRA for failure to update the State Form or the Virginia-specific instructions to the Federal Form.

The Commonwealth continues to rely on the State Form that was in place prior to the ruling in *King v. O'Bannon*. That form is deficient under the NVRA in three significant ways. *First*, the State Form contains no statement explaining the new eligibility criteria for voting after a felony conviction. *Second*, the State Form contains no instructions on how a person with a felony conviction should complete the form. *Third*, the question regarding felony convictions is overbroad, requiring a person to disclose all felony convictions, rather than only disqualifying ones.

The totality of these problems leaves the potential voter registration applicant with the impression that nothing has changed regarding eligibility to vote after a felony and that any felony (without rights restoration by the Governor) disqualifies a person from voting. Thus, a person with a felony conviction will not have enough information from the form itself to determine their own eligibility and may be intimidated from completing it due to fear of criminal prosecution if they are incorrect about their eligibility. Organizations like the League of Women Voters of Virginia and Bridging the Gap in Virginia similarly fear giving incorrect advice to individuals with felony convictions about their eligibility to register.

These problems must be remedied by changes to the form itself as soon as possible, but at least in time for voter registration deadlines prior to the November election.

During our June 23 conversation, you explained that changing the language of the felony question from "have you ever been convicted of a felony" to "have you ever been convicted of a *disqualifying* felony" would put the registrant (and perhaps the third party assisting with voter registration) in the position of having to make their own determination about whether their conviction is disqualifying and then attest on the form to their eligibility. We understand the challenging nature of determining which felonies are disqualifying, but reemphasize that the question as currently worded creates the misimpression that any felony is disqualifying. That will deter eligible individuals from registering to vote.

Even without changing the wording of that question, there is more that the State Form must do under the NVRA to accurately convey eligibility and dispel the notion that no person with a felony is eligible to register, absent gubernatorial clemency. The form should be modified to:

- State the new eligibility criteria for voting after a felony, making it clear that many people with felony convictions have not lost their right to vote and can register without having their rights restored.

- Provide instructions on how a person with a felony should complete the form, emphasizing that it is not on the registrant to make a legal determination as to whether their felony is disqualifying. Instead, the instructions should clarify that it is only their duty to honestly disclose the fact of a prior felony conviction and that election officials and/or your office will then make the determination of eligibility. The form should also let the prospective voter know that they may receive a supplemental form from election officials to determine their eligibility, which they must complete to continue the registration process. Finally, the form should clearly define what it means to have your right to vote restored, so that registrants know whether to answer yes or no. This definition should explain that restoration can come from the Governor of Virginia, or if the conviction was in a different jurisdiction, by the appropriate official or by operation of state law.

2

While a form with overbroad questions may still run afoul of federal law, making the substantive changes described above could fulfill the purpose of the NVRA's rules for voter registration forms, which is to ensure that a potential registrant can find all of the information they need to complete the form on the form itself.

In addition to the State Form, Virginia's failure to provide an update on the new eligibility requirements for voters with felony convictions to the Election Assistance Commission for the Commonwealth-specific instructions on the Federal Form violates the NVRA. The current instructions contain an incorrect statement of the eligibility criteria, thus requiring an applicant to attest to meeting now-incorrect requirements. ELECT should fulfill its duty to ask the Election Assistance Commission to update the instructions as soon as possible.

Absent these changes, the harm to voter registration applicants and third-party assistance organizations is ongoing in violation of 52 U.S.C. §§ 20504, 20505, 20506, 20507, and 20508.

2. **Virginia's current procedures for processing voter registration applications from Virginians with felony convictions also violate the NVRA.**

Previously, we noted that ELECT's initial instructions to registrars to hold applications from all voter registrants with felony convictions to request additional information to determine their eligibility violated several provisions of the NVRA. During our June 23 conversation, you explained that the current system for processing applications involving felony convictions allows registrars to:

- Approve applications from individuals with felony convictions whose rights have been restored by the Governor;

- Deny applications from individuals with felony convictions whose rights have not been restored and who appear in the prohibited voter table in VERIS due to a common law felony; and

- Move applications from individuals with felony convictions whose rights have not been restored but who do not appear in the prohibited table in VERIS due to a non-common law felony to the incomplete hopper. Once there, within one to two days, ELECT will cross-reference all applications with felony conviction data, providing additional information to registrars on which applications to approve, deny, or request supplemental information. Your office will use that supplemental information to conduct an evaluation of each felony conviction's impact on the applicant's eligibility to register, providing the outcome to registrars.

You also explained that ELECT is working on updates to VERIS in the next 4-6 weeks so that registrars will be able to search for common law and non-common law felonies directly to approve or deny applications or begin the supplemental form process. Supplemental information will be requested if there is no match in VERIS, the applicant is presumed to have an out-of-jurisdiction conviction, or where the registrant has a felony requiring individual evaluation by your office.[1]

This new process represents meaningful progress towards resolving our concerns under the NVRA. *See generally* 52 U.S.C. §§ 20505, 20507. Two additional steps would help the Commonwealth come fully in compliance and avoid unlawfully denying registration to eligible applicants.

*First*, we urge you to require the supplemental form *only* if ELECT is otherwise unable to verify an individual applicant's eligibility. In most cases, the Commonwealth should

---

[1] Va. Dep't of Elections, *Virginia Crimes That may be Applicable to Common Law Felonies in 1870: Requires Individual Evaluation*, https://perma.cc/AZ4Q-QRNV.

3

not need additional information from applicants to determine eligibility.[2] The Virginia State Police and federal courts already transmit information about felony convictions to election officials, which your office can access to identify convictions and retrieve related records when necessary. The Commonwealth should also have access to some amount of information about out-of-state convictions through any number of interstate and federal resources, which in many cases would allow your office to verify eligibility.

*Second*, the supplemental form is unduly burdensome and intimidating. It requires applicants to provide the legal citation to their felony conviction, as well as other key details that are not necessary to determine whether that conviction is disqualifying, such as the date of the conviction and whether it was via plea or verdict. Many potential voters are likely to opt out of completing this form because they can only provide some of the requested information. The supplemental form also includes an all caps warning about the possibility of committing election fraud for materially false statements. This warning may deter potential voters with felony convictions from completing the form out of fear of criminal prosecution if they mistakenly provide incorrect information. This warning also misstates Virginia law, which criminalizes *willfully* false material statements only. *See* Va. Code § 24.2-1016.

To resolve these issues, we suggest three modifications. The form's instructions should clarify that applicants should fill out the form to the best of their ability, even if they cannot complete every field, and that they may submit a partially filled out form. The form's warning language should also be revised to accurately reflect Virginia law. And its formatting should emulate similar warnings on the State Form and Federal Form.

On June 23, you agreed to look into these changes to the supplemental form. We are grateful for your willingness to do so.

Absent these changes, the harm to voter registration applicants and third-party assistance organizations is ongoing in violation of 52 U.S.C. §§ 20505 and 20507.

> **3.    The Commonwealth's failure to provide the requested records violates the NVRA's public disclosure provision.**

To date, ELECT has failed to provide responsive records for the first records request in our June 3 Notice Letter, which included:

- Individualized records[3] of all Virginia residents whose information has been removed from the "ineligible table"[4] in light of the decision in *King v. O'Bannon* limiting which felony convictions take away the right to vote; or

- The "ineligible table" as it existed on January 1, 2026, AND the current "ineligible table."

Specifically, ELECT's June 23 response stated that "records received by the Virginia Department of Elections (ELECT) regarding individuals who have been convicted of a felony in general are only available to specific entities pursuant to §§ 19.2-389(A)(19) and 24.2-409 of the Code of Virginia." Not so. The requested records are covered by the NVRA's Public Disclosure Provision because they are a part of "the process of assessing voter registration applications," which is "plainly conducted for the purpose

---

[2] While we do not endorse a policy of evaluating the facts underlying a voter registrant's felony conviction to determine whether the conviction is analogous to a felony at common law, to the extent that the Commonwealth will be making these determinations, our suggestions will ensure that such determinations do not create an undue burden on voters and/or run afoul of the NVRA.

[3] "Individualized records" refers to identifying information for each person listed, including but not limited to, full name, date of birth, and address.

[4] We understand this to refer to the list maintained by ELECT, populated with information from the Central Criminal Records Exchange, Virginia State Police, and other sources, pursuant to Section 24.2-409, which allows election officials to determine whether a voter registration applicant or current voter is ineligible to vote because of a felony conviction.

4

of ensuring the accuracy and currency of official lists of eligible voters." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 335 (4th Cir. 2012) (citation modified).

This failure constitutes an additional violation of 52 U.S.C. § 20507(i), which requires the Commonwealth to "make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." To the extent that state law conflicts with the NVRA, federal law preempts state law. *See Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 8 (2013); *Project Vote/Voting for Am., Inc. v. Long*, 813 F. Supp. 2d 738, 743 (E.D. Va. 2011). States enjoy no "presumption against pre-emption" for state laws when they conflict with the NVRA. *ITCA*, 570 U.S. at 13-15. Accordingly, Virginia law poses no barrier to, or grounds to deny, disclosure. In a decision that was affirmed by the Fourth Circuit, an Eastern District of Virginia court has held as much: "[T]o the extent that any [state] law, rule, or regulation forecloses disclosure . . . the court FINDS that it is preempted by the NVRA." *See Project Vote/Voting for Am., Inc.*, 813 F. Supp. 2d at 743, *aff'd*, 682 F.3d 331 (4th Cir. 2012).

In any event, state law does not conflict with the NVRA here. ELECT's response to our June 3 NVRA request cites Section 19.2-389(A), which prohibits dissemination of "criminal history record information," except to specific entities. Virginia law defines "criminal history record information" to mean "records and data collected by criminal justice agencies on adult individuals *consisting of identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal charges, and any disposition arising therefrom*." *See* Va. Code § 9.1-101 (emphasis added). But we seek only a list of individuals whom you have deemed to be newly eligible to register and vote because of the *King* case, not information regarding their criminal convictions.

Moreover, even if "criminal history record information" did include the information we seek, the statute explicitly allows dissemination of this information to "other entities as otherwise provided by law." Va. Code § 19.2-389(A)(50) (to be codified at § 19.2-389(A)(52) eff. July 1, 2026). The NVRA requires dissemination of the requested records. These records are critical to conducting outreach to all newly eligible voters, a goal we know the Commonwealth shares.

This letter serves as notice pursuant to 52 U.S.C. § 20510(b) that Virginia's failure to provide the requested records violates the NVRA's Public Disclosure Provision. 52 U.S.C. § 20507(i). We welcome further discussions with your office to resolve this issue. Because we are within 120 days of a federal election, if the violation is not corrected in 20 days, we may pursue legal action.

Finally, ELECT's response to our NVRA request estimates that our third and fourth requests will cost $747.27. The NVRA authorizes states to charge for public inspection of records only when physical records are made available for photocopying. The statute does not contemplate any charge for electronic records. *See* 52 U.S.C. § 20507(i). In the spirit of collaboration, however, we are willing to concede this point and pay for the responsive records.

*    *    *

This letter constitutes notice pursuant to 52 U.S.C. § 20510(b) that your failure to comply with the NVRA's requirements for voter registration violates 52 U.S.C. §§ 20504, 20505, 20506, 20507, and 20508. Your failure to provide the requested records also violates 52 U.S.C. § 20507(i). Because we provided notice on June 3, 2026, and we are within 120 days of a federal election, we have the right to pursue legal action under 52 U.S.C. § 20510(b).

We know that Commonwealth officials have been working overtime to ensure that all newly eligible voters with felony convictions—people who never should have been disenfranchised in the first place—find out about their right to vote, are able to smoothly register, and are finally allowed to make their voices heard at the ballot box in all future elections. We look forward to working together collaboratively to achieve that goal.

5

Respectfully submitted,

*/s/ Blair Bowie*
Blair Bowie
Valencia Richardson
Robyn K. Bitner
Reginald Thedford
Arianna Khan
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005

cc:

Rosalyn R. Dance
Vice-Chairman of the Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

Georgia Alvis-Long
Secretary of the Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

Christopher P. Stolle
Member of the Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

Sally Hudson
Member of the Board of Elections
Washington Building
1100 Bank Street, First Floor
Richmond, VA 23219

Traci J. DeShazor
Secretary of Administration of Virginia
Patrick Henry Building
1111 East Broad Street
Richmond, VA 23219

Saundra M. Jack
Commissionner
Virginia Department of Motor Vehicles
P.O. Box 27412
Richmond, VA 23269

B. Cameron Webb
State Health Commissioner
Virginia Department of Health
109 Governor Street
Richmond, VA 23219

Duke Storen
Commissioner
Virginia Department of Social Services
5600 Cox Road
Glen Allen, VA 23060

6

Nedra Moncrief-Craig
Commissioner
Virginia Department for Aging and Rehabilitative Services
5620 Cox Road
Glen Allen, VA 23060

Eric Raff
Director
Virginia Department for the Deaf and Hard of Hearing
1602 Rolling Hills Drive, Suite 203
Henrico, VA 23229

Daryl Washington
Commissioner
Virginia Department of Behavioral Health and Developmental Services
1220 Bank Street
Richmond, VA 23219

Rick Mitchell
Commissioner
Virginia Department for the Blind and Vision Impaired
397 Azalea Avenue
Richmond, VA 23227

Teri Morgan
Executive Director
Virginia Board for People with Disabilities
5620 Cox Road
Richmond, VA 23060

Melissa Smith
Commissioner
Virginia Employment Commission
P.O. Box 26441
Richmond, VA 23261

Ryan Brown
Executive Director
Virginia Department of Wildlife Resources
7870 Villa Park Drive, Suite 400
Henrico, VA 23228

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

TATI ABU KING, *et al.*,

    *Plaintiffs*,

    v.

JOHN O'BANNON, in his official capacity as
Chairman of the State Board of Elections for
the Commonwealth of Virginia, *et al.*,

    *Defendants*.

Case No. 3:23-CV-00408 (JAG)

## [PROPOSED] ORDER

This matter having come before the Court by motion of proposed *amici* Bridging the Gap In Virginia and League of Women Voters of Virginia, seeking leave to file an *amicus* brief in the above-captioned matter, and the Court having reviewed the file and pleadings herein, and being otherwise fully advised in the matter, hereby finds good cause to allow *amicus* participation.

The Motion for Leave to File Brief of *Amicus Curiae* Bridging the Gap In Virginia and League of Women Voters of Virginia in Support of Plaintiffs' Motion to Enforce the Court's Order is hereby GRANTED.

**IT IS SO ORDERED** this ____ day of _____, 2026.

Honorable John A. Gibney, Jr.
United States Senior District Judge