FILED
SEP 18 2026
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

PLAINTIFFS
(KING, et al.)
v.
O'BANNON, et al.,
Defendants.
Civil Action No.:3:23-cv-00408

EMERGENCY MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24 AND MOTION FOR EMERGENCY PRELIMINARY INJUNCTION

COMES NOW proposed Intervenor-Plaintiff, DeVinche Albritton, pro se, an Independent Candidate for the United States House of Representatives for the 2nd Congressional District of Virginia, currently housed in the custody of the Virginia Department of Corrections (VADOC) at Green Rock Correctional Center, and respectfully moves this Honorable Court pursuant to Rule 24 of the Federal Rules of Civil Procedure to intervene as an interested party of right, and further moves for an Emergency Preliminary Injunction regarding ballot placement for the upcoming November 3, 2026 General Election under Va. Code § 24.2-612.

In support thereof, Intervenor-Plaintiff states as follows:

I. STATEMENT OF INTEREST AND RIGHT TO INTERVENE (FED. R. CIV. P. 24)
Rule 24(a)(2) Intervention as of Right: Intervenor-Plaintiff DeVinche Albritton is an official Independent Candidate seeking ballot access for the 2nd Congressional District of Virginia in the November 3, 2026 General Election. Intervenor-Plaintiff claims a direct, substantial, and legally protectable interest in the subject matter of King v. O'Bannon, 2026 U.S. Dist. LEXIS 186933, which established that state election officials unlawfully excluded and prohibited qualified incarcerated individuals and electors from registering to vote in Virginia.
Impairment of Interest: The unlawful voter registration exclusions adjudicated in King v. O'Bannon directly impaired Intervenor-Plaintiff's constitutional right to collect candidate petition signatures from qualified electors who were improperly omitted from voter rolls. Without court intervention, disposition of this action in Intervenor-Plaintiff's absence will impair his ability to protect his ballot placement rights under the First and Fourteenth Amendments.
Inadequate Representation: Existing parties do not adequately represent the specific interests of Independent candidates who were systematically deprived of access to improperly disenfranchised voters during the statutory signature gathering window.
Rule 24(b) Permissive Intervention: In the alternative, Intervenor-Plaintiff's claims share core questions of law and fact with the main action regarding state election officials' unlawful voter registration practices and the remedies required to cure resulting ballot access injuries.

II. STATEMENT OF FACTS AND LEGAL ARGUMENT FOR EMERGENCY PRELIMINARY INJUNCTION
Impact of King v. O'Bannon: This Court held in King v. O'Bannon, 2026 U.S. Dist. LEXIS 186933, that Virginia election officials acted unlawfully in excluding eligible incarcerated persons and electors from voter registration rolls.
Direct Injury to Candidate Albritton: Under Virginia election laws, Independent candidates must collect verified signatures from registered voters to qualify for ballot placement. Because state officials unlawfully restricted eligible individuals from registering, Intervenor-Plaintiff was denied access to a vital segment of the electorate, directly reducing the potential signature pool necessary to secure his spot on the November 3, 2026 ballot.
Violation of Equal Protection & Statutory Precedent: Virginia election administration has previously accommodated candidates who suffered administrative or unfair exclusion, specifically demonstrated when election officials extended ballot access opportunities to "Lynchburg firehouse" primary candidates

Richmond, VA 23219
Office of the Attorney General of Virginia
(Attention: Assistant Attorney General Tristan Osabio)
202 North 9th Street
Richmond, VA 23219

Richmond U.S. District Court Clerk
Spottswood W. Robinson III and Robert R. Merhige, Jr. Federal Courthouse
701 East Broad Street, Suite 3000
Richmond, VA 23219

Susan Beals or Commissioner of Virginia Elections
Virginia State Board of Elections
Washington Building, First Floor
1100 Bank Street
Richmond, VA 23219

DeVinche Albritton, Pro Se
Green Rock Correctional Center
Chatham, VA

after unfair exclusion. Principles of Equal Protection and fundamental fairness mandate that Independent candidates denied petition access due to state-created registration barriers receive an equivalent remedy. Statutory Deadline & Extreme Urgency (Va. Code § 24.2-612): Under Va. Code § 24.2-612, state and local electoral boards are required to finalize and print ballots for the November 3, 2026 General Election in advance of absentee voting deadlines. Immediate judicial intervention is necessary before ballot printing concludes, as omission from the printed ballot will cause irreparable constitutional harm.

III. PRAYER FOR RELIEF

WHEREFORE, Intervenor-Plaintiff DeVinche Albritton respectfully requests that this Court grant emergency relief as follows:
GRANT Intervenor-Plaintiff's Motion to Intervene as a Plaintiff pursuant to Fed. R. Civ. P. 24;
ISSUE an Emergency Preliminary Injunction directing Virginia election officials to grant Intervenor-Plaintiff a reasonable supplemental window to collect and submit petition signatures from incarcerated and newly eligible voters who were previously excluded under the practice invalidated in King v. O'Bannon;
ORDER the Virginia Department of Elections and relevant electoral boards to place DeVinche Albritton's name on the official ballot for the 2nd Congressional District of Virginia for the November 3, 2026 General Election upon submission of required signatures under this adjusted window;
SCHEDULE an emergency hearing on this matter immediately; able to be conducted via videoconference at Green Rock Correctional Center, Phone: (434) 797-2000, where Intervenor-Plaintiff is currently housed in VDOC custody.

AFFIDAVIT OF DEVINCHE ALBRITTON IN SUPPORT OF EMERGENCY MOTION

I, DeVinche Albritton, being duly sworn, depose and state under penalty of perjury:
I am over eighteen years of age, competent to testify, and the proposed Intervenor-Plaintiff in the foregoing emergency filing.
I am an Independent candidate seeking ballot placement for the 2nd Congressional District of Virginia in the November 3, 2026 General Election.
I am currently incarcerated in the custody of the Virginia Department of Corrections (VDOC) at Green Rock Correctional Center, Chatham, VA.
The unlawful exclusion of incarcerated voters identified in King v. O'Bannon, 2026 U.S. Dist. LEXIS 186933, directly obstructed my petition gathering efforts by denying eligible citizens their statutory right to register and sign candidate petitions.
Due to imminent ballot printing deadlines under Va. Code § 24.2-612, I will suffer immediate and irreparable harm to my constitutional rights as a candidate if an emergency hearing and preliminary injunctive relief are not granted.
The facts stated in the foregoing Motion to Intervene and Motion for Emergency Preliminary Injunction are true and correct to the best of my knowledge and belief.

Executed this 17th day of September, 2026.

DeVinche Albritton

DeVinche Albritton, Pro Se
Green Rock Correctional Center
Chatham, VA
Phone: (434) 797-2000

CERTIFICATE OF SERVICE
I hereby certify that on this 17th day of September, 2026, a true and correct copy of the foregoing Emergency Motion to Intervene and Motion for Preliminary Injunction, along with the Supporting Affidavit, was served via First Class U.S. Mail, postage prepaid, upon the following interested parties and counsel of record:

ACLU of Virginia
701 E. Franklin Street, Suite 1412